UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TONYA LEE | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| WAL-MART STORES, INC., D/B/A WALMART STORE 4129, WAL-MART LOUISIANA, LLC, D/B/A WALMART STORE 4129, ABC INSURANCE COMPANY AND XYZ INSURANCE CO. | * * * * * | MAGISTRATE SECTION |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

TO:  The Honorable Judges
For the United States District Court
For the Eastern District of Louisiana

**PLEASE TAKE NOTICE:**

Defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC (hereinafter referred to as "Wal-Mart"), submit this Notice of Removal pursuant to 28 U.S.C. §1332 and 1442, and hereby request removal of this civil action from the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, to the docket of this Honorable Court on the grounds set forth herein.

1.

On December 6, 2017, Tonya Lee instituted this litigation against Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC in the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, bearing Docket No. 2017–0003483, Division "A", entitled "*Tonya Lee v. Wal-Mart Stores, et al.*" (See plaintiff's Petition for Damages attached hereto as Exhibit "A").

2.

Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC were served through their Agent for Service of Process, CT Corporation, with a copy of the Citation and Petition for Damages on December 14, 2017. (See CT Corporation's Service of Process Transmittal both to Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc., attached hereto *in globo* as Exhibit "B").

3.

This litigation seeks personal injury damages on behalf of plaintiff, Tonya Lee, from defendants as a consequence of plaintiff slip and fall incident occurring allegedly on yogurt occurring on or about August 13, 2017 at the Ponchatoula Wal-Mart store at 1331 Highway 51 in the Parish of Tangipahoa, State of Louisiana. (Plaintiff has a typo in her Petition as she indicates in paragraph III, that the incident occurred on August 31, 2016 but Wal-Mart's records indicate otherwise. Please note that in paragraph XX11 of plaintiff's Petition for Damages that plaintiff pleads the proper date of the accident, August 31, 2017.)

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between - (1) citizens of different States."

    A. **THE AMOUNT IN CONTROVERSY EXCEEDS THE FEDERAL DISTRICT TRESHOLD OF $75,000.00.**

5.

The Federal Fifth Circuit Court of Appeal has explained that for purposes of establishing

removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, in either of two ways: (1) by demonstrating that it is "facially apparent" from the Petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts in controversy - preferably in the removal petition, but sometimes by Affidavit, that support a finding of the requisite jurisdictional threshold.  Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 868 (5th Cir. 2002) (*quoting* Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

6.

In Paragraphs XVI-XVIII in plaintiff's Petition for Damages, she indicates injury to her neck, back, legs and feet and that she suffered from past, present and future physical pain and suffering, past present and future mental anguish and emotional pain, past, present and future medical expenses, and loss of enjoyment of life.  Based on plaintiff's alleged injuries, her claim has the potential to exceed the jurisdictional threshold of $75,000.00.

7.

Furthermore, plaintiff's Petition fails to state a binding stipulation that she will not seek damages to enforce any judgment in state court that may be awarded in excess of $75,000.00. In defense counsel's December 19, 2017 correspondence to plaintiff's counsel, defense counsel requests that plaintiff stipulate that her damages are less than $50,000.00, but plaintiff's counsel has not submitted a response..

8.

While defendant admits no liability or any element of plaintiff's alleged damages of medical causation for any of plaintiff's alleged injuries, Wal-Mart has satisfied the requisite burden of proof to show that the amount in controversy exceeds $75,000.00 through plaintiff's own

description of her injuries. Furthermore, plaintiff's failure to offer a binding stipulation that her damages are less than $50,000.00 as requested or less than $75,000.00 in her Petition for Damages further evidences that she believes that her claim has the potential to exceed the jurisdictional threshold of $75,000.00.

**B.   COMPLETE DIVERSITY**

9.

As noted in the opening paragraph of her Petition for Damages, plaintiff Lee is a resident of the Parish of Tangipahoa, State of Louisiana.

10.

Defendant, Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Arkansas. Thus, Wal-Mart Stores, Inc. is a resident and domiciliary of the State of Arkansas.

11.

Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, which is composed of two partners; namely, WSE Management, LLC (GP) and WSE Investment, LLC (LP), who are both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of WSE Management, LLC (GP) and WSE Investment, LLC (LP) is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. The sole member of Wal-Mart Stores, LLC is its parent company, Wal-Mart Stores, Inc. As mentioned in the preceding paragraph,

Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Thus, for diversity purposes, Wal-Mart Louisiana, LLC, when considering the principal place of business of its members of the LLC, is a resident of the state of Arkansas.

12.

Accordingly, there exists complete diversity of citizenship between plaintiff, Tonya Lee, who resides in the State of Louisiana, and defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, who are residents of the State of Arkansas for purposes of diversity jurisdiction.

13.

This is a civil action over which the United States District Court for the Eastern District of Louisiana holds concurrent original jurisdiction through the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy allegedly exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between the parties.

II.     **WAL-MART HAS SATISFIED THE REQUISITE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

14.

Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC were served with plaintiff's Petition for Damages through their agent for service of process, CT Corporation Systems, on or about December 14, 2017.

15.

This Notice of Removal is being filed within thirty days of the first receipt by this litigation by Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, setting forth the claim or relief upon which this action is based, and therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b).

16.

Jurisdiction is founded in the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

17.

The 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Accordingly, venue is proper in accordance with 28 U.S.C. § 1448(a) because it is the "district and division embracing the place where such action is pending."

18.

No previous application for removal has been made by Wal-Mart Stores, Inc. or Wal-Mart Louisiana, LLC in this case for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel of record for Tonya Lee, Jon M. Yeager, and a copy is being filed with the Clerk of Court for the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana.

20.

Defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, desire and are entitled to a **Trial by Jury** herein on all issues.

WHEREFORE, premises considered, defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, hereby request that this action be removed from the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/ DONNA BRAMLETT WOOD
DONNA BRAMLETT WOOD, T.A. (#22692)
ISIDRO RENÉ DEROJAS (#18182)
JOSE R. RUIZ (#37850)
McCRANIE, SISTRUNK, ANZELMO,
  HARDY, McDANIEL & WELCH, LLC
909 Poydras Street, Suite 1000
New Orleans, LA   70112
Telephone:  (504) 831-0946
Facsimile: (800) 977-8810
E-Mail:  dbw@mcsalaw.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 12th day of January, 2018.

/s/ DONNA BRAMLETT WOOD
DONNA BRAMLETT WOOD