SERVICE

21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

STATE OF LOUISIANA

DOCKET NO: 2017-0003483          DIVISION A

TONYA LEE

VERSUS

WAL-MART STORES, INC, D/B/A WALMART STORE 4129
WAL-MART LOUISIANA, LLC D/B/A WALMART STORE 4129
ABC INSURANCE COMPANY AND XYZ INSURANCE COMPANY

FILED: DEC 0 6 2017           DEPUTY CLERK: s/VANESSA BAILEY

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes your Petitioner, TONYA LEE, being of the full age of majority and a resident of the Parish of Tangipahoa, State of Louisiana, who respectfully represents:

I.

The named Defendants are as follows:

A) WAL-MART STORES, INC. D/B/A WALMART STORE 4129 (hereinafter, "Walmart Stores"), a foreign corporation authorized to do and doing business in the State of Louisiana;

B) WAL-MART LOUISIANA, LLC D/B/A WALMART STORE 4129 (hereinafter, "Walmart, LLC"), a foreign corporation authorized to do and doing business in the State of Louisiana;

C) ABC INSURANCE COMPANY (hereinafter, "ABC"), who, upon information and belief, is a foreign insurance company authorized to do and doing business in the State of Louisiana; and

D) XYZ INSURANCE COMPANY (hereinafter, "XYZ"), who, upon information and belief, is a foreign insurance company authorized to do and doing business in the State of Louisiana.

II.

The named Defendants are indebted to your Petitioner as a result of the injuries sustained in the following described incident.


EXHIBIT A

III.

On or about the August 31, 2016, Petitioner, Tonya Lee, was a patron at Walmart Store 4129, which is located at 1331 Highway 51, City of Ponchatoula, Parish of Tangipahoa, State of Louisiana.

IV.

At the time and place of the accident, yogurt or some other slippery substance was on the floor inside of the subject Walmart.

V.

While traversing through the premises of Walmart, Petitioner, Tonya Lee, slipped on the aforementioned slippery substance and fell to the ground, sustaining injuries.

VI.

The yogurt or other slippery substance created an unreasonable risk of harm and/or dangerous condition;

VII.

The yogurt or other slippery substance was located on the floor of the Walmart for such a length of time that Wal-Mart Stores either knew, or should have known, of the unreasonable risk of harm this hazard created.

VIII.

In the alternative, the yogurt or other slippery substance was located on the floor of the Walmart for such a length of time that Walmart, LLC either knew, or should have known of the unreasonable risk of harm this hazard created.

IX.

Plaintiff avers that there were insufficient warnings and/or other safety measures taken by Wal-Mart Stores to alert Plaintiff of the presence of the dangerous condition.

X.

In the alternative, Plaintiff avers that there were insufficient warnings and/or other safety measures taken by Walmart, LLC to alert Plaintiff of the presence of the dangerous conditions.

XI.

Plaintiff avers that Wal-Mart Stores' inspection, maintenance, and/or safety procedures were deficient and/or inadequate on the date of loss.

XII.

In the alternative, Plaintiff avers that Walmart, LLC's inspection, maintenance, and/or safety procedures were deficient and/or inadequate on the date of loss.

XIII.

Plaintiff's accident was a reasonably foreseeable consequence of the dangerous condition created by the presence of the yogurt or other slippery substance on the floor of WalMart Store 4129.

XIV.

The aforementioned incident and the resulting injuries to Plaintiff were proximately caused by the negligence of Defendant, Walmart Stores, and their agents and employees, consisting of the following non-exclusive particulars:

1. Failure to properly maintain a safe premises;
2. Failure to adequately remedy a known safety hazard;
3. Failure to properly warn patrons of a hazardous condition;
4. Failure to properly and regularly inspect the premises for potentially dangerous conditions;
5. Failure to properly train its employees; and
6. Any such other acts and omissions as will be revealed at trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the state of Louisiana, all of which are specifically pleaded herein as if and though copied *in extenso*.

XV.

In the alternative, the aforementioned incident and the resulting injuries to plaintiff were proximately caused by the negligence of Defendant, Walmart, LLC, and their agents and employees, consisting of the following non-exclusive particulars:

1. Failure to properly maintain a safe premises;
2. Failure to adequately remedy a known safety hazard;
3. Failure to properly warn patrons of a hazardous condition;
4. Failure to properly and regularly inspect the premises for potentially dangerous conditions;
5. Failure to properly train its employees; and
6. Any such other acts and omissions as will be revealed at trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the state of Louisiana,

all of which are specifically pleaded herein as if and though copied *in extenso*.

XVI.

As a result of the aforementioned incident and the acts of negligence of Walmart Stores, Plaintiff sustained injuries to her neck, back, legs, and feet.

XVII.

In the alternative, as a result of the aforementioned incident and the acts of negligence of Walmart, LLC, Plaintiff sustained injuries to her neck, back, legs, and feet.

XVIII.

Petitioner, Tonya Lee, seeks reasonable compensation for the following damages, which were caused and/or incurred as a direct result of this incident, including, but not limited to, the following:

    A.    Past, present and future physical pain and suffering;

    B.    Past, present and future mental anguish and emotional pain;

    C.    Past, present and future medical expenses;

    D.    Loss of the enjoyment of life (hedonic damages); and

    E.    Other injuries and damages which a general quantum amount is hereby claimed.

XIV.

Under the doctrine of respondeat superior, and/or under theories of agency, Defendant, Walmart Stores, is vicariously liable for the negligent acts of its employees and for the damage Petitioner suffered therefrom.

XX.

Under the doctrine of respondeat superior, and/or under theories of agency, Defendant, Walmart, LLC, is vicariously liable for the negligent acts of its employees and for the damage Petitioner suffered therefrom.

XXI.

Upon information and belief, on or about October 31, 2017, Defendant, Walmart Stores, was protected by a policy of insurance issued by ABC Insurance Company, which provided coverage for the damages sued upon herein.

XXII.

Upon information and belief, on or about August 31, 2017, Defendant, Walmart, LLC, was

protected by a policy of insurance issued by XYZ Insurance Company, which provided coverage for the damages sued upon herein.

XXIII.

Petitioner reserves the right to her amend of allegations of the facts should the need arise.

WHEREFORE, Petitioner, Tonya Lee, prays that after all due proceedings are had, that there be judgment in her favor and against the Defendants, Walmart Stores, Walmart, LLC, ABC Insurance Company, and XYZ Insurance Company, for reasonable damages with judicial interest from date of judicial demand until paid; for all costs of these proceedings; and for all general and equitable relief awardable under these premises.

Respectfully submitted:

YEAGER LANASA TAUZIER, LLC.

JON M. YEAGER, LSBA NO. 27148
ANTHONY V. LANASA, JR., LSBA NO. 28114
MARK G. TAUZIER, LSBA NO. 28778
LAUREN A. DUNCAN, LSBA NO. 37105
107 South Cherry Street
Hammond, Louisiana 70403
Telephone (985) 340-9969
Facsimile (985) 340-9968
ATTORNEY FOR PETITIONER,
TONYA LEE

**PLEASE SERVE:**

WAL-MART STORES, INC. D/B/A WALMART STORE 4129
Through its registered agent for service of process:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

WAL-MART LOUISIANA, LLC. D/B/A WALMART STORE 4129
Through its registered agent for service of process
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

ABC INSURANCE COMPANY
Please withhold service at this time

XYZ INSURANCE COMPANY
Please withhold service at this time

STATE OF LOUISIANA AMITE, LOUISIANA
PARISH OF TANGIPAHOA   DEC 0 7 2017
                                    DATE
I, s/VANESSA BAILEY                do hereby certify
that this document is a true and correct copy of the
original thereof, consisting of ___ page(s) being a
reproduction thereof from the records on file with
the undersigned, in accordance with Louisiana
Revised Statutes, Title 13, Section 3733.

DEPUTY CLERK