UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONYA LEE | CIVIL ACTION |
| VERSUS | NO. 18-373 |
| WAL-MART STORES, INC. D/B/A WAL-MART STORE 4129, WAL-MART LOUISIANA, LLC, D/B/A WALMART STORE 4129, ABC INSURANCE COMPANY AND XYZ INSURANCE CO. | SECTION A(1) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand and for Payment of Costs and Expenses (Rec. Doc. 8)** filed by Plaintiff Tonya Lee ("Lee"). Defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC (hereinafter collectively referred to as "Wal-Mart"), oppose the motion. (Rec. Doc. 9). The motion, set for submission on April 4, 2018, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Plaintiff's motion should be **GRANTED** for the reasons set forth below.

Plaintiff initiated this suit in state court against Defendants for personal injuries that she claims to have sustained in a slip-and-fall accident at one of Defendants' stores. Defendants removed this suit to federal court claiming diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Plaintiff now moves to remand the case back to state court contending that Defendants have not met their burden as to the jurisdictional amount in controversy.

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *St. Paul Reins. Co. v. Greenberg*,

134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occid. S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988)).

In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking jurisdiction in a federal court, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

Defendants argue that the nature of Plaintiff's alleged injuries makes it facially apparent that the claims exceed the jurisdictional amount. (Rec. Doc. 9). Defendants analogize this case to *Gebbia v. Wal-Mart Store, Inc.*, claiming that the Fifth Circuit's *Gebbia* decision demonstrates that the amount in controversy is also facially apparent here. 233 F.3d 880 (5th Cir. 2000). In *Gebbia*, the Fifth Circuit found that the amount in controversy was facially apparent from the pleadings because Plaintiff alleged injuries to her wrist, knee, upper back, and lower back and sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and

disfigurement. *Id.* at 883. While Plaintiff in this case seeks damages on similar grounds, Plaintiff has not alleged permanent disability or disfigurement, nor has she sought damages for loss of earning capacity, making it appear from the face of the complaint that her injuries are far less severe than those suffered by the *Gebbia* plaintiff. *See Dalton v. Progressive Southeastern Insurance Company*, No. 16-12246, 2016 WL 4137232, *2 (E.D. La. Aug. 4, 2016). Thus, Defendants' reliance on *Gebbia* is misplaced.

Rather, the Court finds this case more akin to *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). In *Simon*, the Fifth Circuit found a plaintiff's suit lacked subject matter jurisdiction when the amount in controversy was insufficient to establish diversity jurisdiction. *Id.* The plaintiff alleged injuries after having been the victim of a purse-snatching incident in a Wal-Mart parking lot. Specifically, the plaintiff asserted suffering from "bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions and other injuries." *Id.* at 850. The *Simon* plaintiff also sought recovery for medical expenses and "reasonable" damages for loss of consortium. The Fifth Circuit noted that the plaintiff did not allege "any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction." *Id.* at 851. Like in *Simon*, the Plaintiff currently before this Court alleges no specific types of injuries that would lead to an inference that future medicals will be substantially high. In fact, the exhibits show that Plaintiff has undergone only minor chiropractic procedures for "what appear to be soft-tissue injuries." (Rec. Doc. 8-1); *see also* (Rec. Doc. 8-2, pp. 1–7).

Plaintiff's exhibits show the minimal extent of her injuries. At the time Plaintiff filed in state court, December 6, 2017, her medical bills totaled only $4,889.00. (Rec. Doc. 8-2, p. 6).

3

Moreover, as of January 31, 2018, Plaintiff's medicals totaled merely $5,626.00. While the Court acknowledges Plaintiff's failure to stipulate that her damages are below $75,000.00, failing to make such a stipulation is not determinative of remand. "Rather, it only constitutes one factor." *Maze v. Protective Insurance Company*, No. 16-15424, 2017 WL 164420, *2 (E.D. La. Jan. 17, 2017).

On its face, Plaintiff's Petition does not support diversity jurisdiction, and Defendants do not allege or aver additional facts in support of federal jurisdiction. Therefore, this Court lacks subject matter jurisdiction.

Accordingly;

IT IS ORDERED that Plaintiff's **Motion to Remand and for Payment of Costs and Expenses (Rec. Doc. 8)** is **GRANTED in part** and **DENIED in part**;

IT IS FURTHER ORDERED that Plaintiff's motion to remand is **GRANTED;**

IT IS FURTHER ORDERED that the case is **REMANDED** to the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana;

IT IS FURTHER ORDERED that Plaintiff's request for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) is **DENIED.**

April 26, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE